STATE OF LOUISIANA          *          NO. 2021-KA-0254

VERSUS          *          COURT OF APPEAL

NATHANIEL O. ROBINSON          *          FOURTH CIRCUIT

*          STATE OF LOUISIANA

*

*

* * * * * * *

DNA

**ATKINS, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS**

I concur in the result as to all but one issue addressed in the majority's opinion. Contrary to the majority's conclusion that Defendant's fourth assignment of error, his *Ramos* claim, lacks merit, I find merit in Defendant's claim. I would vacate Defendant's convictions and sentences and remand this matter for a new trial.

In his fourth assignment of error, Defendant asserted that his "convictions were obtained in violation of his constitutional right to a unanimous verdict." Under *Ramos*, "[a] jury *must* reach a unanimous verdict to convict" a defendant of a serious offense. *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390, 1391, 206 L.Ed 2d 583 (2020) (emphasis added). When this case previously came before us, we found that "[t]he United States Supreme Court definitively ruled that the Sixth Amendment right to a jury trial requires a unanimous jury verdict to convict a defendant of a serious offense in a federal or state criminal prosecution." *State v. Robinson*, 2021-0254, p. 31 (La. App. 4th Cir. 2/18/22), 336 So.3d 567, 585 (citing *Ramos*, 140 S.Ct. at 1395-97). Thus, per *Ramos*, a non-unanimous jury verdict in a federal or state felony trial directly violates the Sixth Amendment as incorporated against Louisiana under the Fourteenth Amendment. *State v. Norman*, 2020-00109, p. 1 (La. 7/2/20), 297 So.3d 738 (per curiam).

As noted by the majority, our review of the record and the district court's *per curiam* reveals that the question as to whether the verdicts convicting Defendant were unanimous remains unresolved. No polling of the jury occurred. Because the presiding district court judge asked whether at least ten jurors agreed to the verdicts and the jury foreperson answered affirmatively, we know only that at least ten of the twelve jurors agreed. This means that the jury votes convicting Defendant could have been 10-2; 11-1; or 12-0. *Ramos* mandates a unanimous jury verdict for felony convictions, and my review of the record does not affirmatively establish that the verdicts were unanimous. *Ramos* is a profound, sweeping change from "the racist origins of the Jim Crow era law" that touches on basic fundamental fairness and due process. *Norman*, 297 So.3d at 738 (Johnson, C.J., dissenting). To satisfy basic fundamental fairness, the record must affirmatively indicate unanimity and nothing else, unlike the record before us that indicates three possibilities for verdicts in this matter. This is a case of first impression in this Court where the unanimity of the jurors cannot be determined upon remand to the district court. Allowing this Court to set aside the unanimity requirement would open the door to allowing additional, serious violations of the Constitutional rights of future *Ramos* appellants when the record is similarly unclear. For these reasons, I would vacate Defendant's convictions and sentences and remand this matter for a new trial.